# In the United States Court of Federal Claims

No. 18-897

Filed: November 27, 2018

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| INNOVATIVE ELEMENT, LLC, | |
| Plaintiff, | |
| v. | Mootness; |
| | 48 C.F.R. 52.249 (Termination For Convenience Of The Government); |
| THE UNITED STATES, | RCFC 12(b)(1) (Motion To Dismiss For Lack Of Jurisdiction); |
| Defendant, | RCFC 15 (Amended And Supplemental Pleadings). |
| and | |
| DNUTCH ASSOCIATES, INC., | |
| Defendant-Intervenor. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Timothy James Turner**, Whitcomb Selinsky McAuliffe, PC, Denver, Colorado, Counsel for Plaintiff.

**Delisa Maria Sanchez**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**Isaias Alba, IV**, PilieroMazza PLLC, Washington, D.C., Counsel for Defendant-Intervenor.

**MEMORANDUM OPINION AND ORDER DENYING THE GOVERNMENT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT.**

**BRADEN**, *Senior Judge*.

I.     **RELEVANT FACTUAL BACKGROUND.**[1]

On December 15, 2015, the United States Agency for International Development ("USAID") issued Request for Quotation No. SOL-OAA-16-00005 ("Solicitation") for a firm-fixed-price/level of effort contract consisting of a one year base and four one-year option periods. Compl. ¶ 1; Ex. 1 at 1. The winning contractor was to "provide management of day-to-day operations in USAID's Washington Learning Center." Ex. 1 at 6. In addition, the winning contractor was to "provide IT training services for USAID staff . . . and manage the [A]gency's Learning Management System." Ex. 1 at 6. Section L of the Solicitation provides instructions to bidders. Ex. 1 at 115. Section M of the Solicitation lists the evaluation factors for award. Ex. 1 at 127.

On December 29, 2015, USAID issued Amendment 001 to the Solicitation ("Amended Solicitation"). Ex. 2 at 1. Section M of the Amended Solicitation states that the four "primary" evaluation areas are: "(1) Technical Capability[,] (2) Management Approach, (3) Key Personnel, and (4) Past Performance." Ex. 2 at 15. Subsection M.2.4 of the Amended Solicitation explains the relative importance assigned to each of those four areas:

> The Technical Capabilities area is more important than the Management Approach area. The Management Approach is slightly more important than the Key Personnel area which is slightly more important than the Past Performance area. The Technical Capability, Management Approach, Key Personnel, and Past Performance Areas, when combined, are significantly more important than Price.

Ex. 2 at 16.

Subsection M.4.2 of the Amended Solicitation further explains that, "[a]lthough Price will not be given a specific score, it will be considered and evaluated in determining the overall best value and may be the determining factor in award selection when assessing and evaluating proposals of similar or equal merit." Ex. 2 at 19.

At some point prior to the January 15, 2016 due date for responses to the Amended Solicitation, Innovative Element LLC ("Innovative Element") and Dnutch Associates, Inc. ("Dnutch Associates") submitted offers. Compl. ¶ 6; Ex. 3 at 1. On March 11, 2016, USAID informed Innovative Element that a contract was awarded to Dnutch Associates, pursuant to the Amended Solicitation. Compl. ¶ 6.

---

[1] The facts recited herein are derived from the June 22, 2018 Amended Complaint and attached exhibits ("Ex. 1–3"), the attachments to the Government's July 23, 2018 Motion To Dismiss, and the attachment to the Government's September 17, 2018 Reply In Support Of Its Motion To Dismiss. ECF Nos. 5, 21, 26.

2

On March 21, 2016, Innovative Element filed a protest, with an unspecified entity, challenging USAID's decision to award a contract to Dnutch Associates. Compl. ¶ 7. On April 14, 2016, USAID decided to take corrective action in response to Innovative Element's protest. Compl. ¶ 8.

On June 10, 2016, Innovative Element submitted a revised proposal to USAID. Compl. ¶ 9. On July 25, 2016, USAID awarded a contract to Innovative Element, pursuant to the Amended Solicitation. Compl. ¶ 9.

Sometime prior to August 1, 2016, Dnutch Associates also filed a protest, with an unspecified entity, contesting the award of a contract under the Amended Solicitation to Innovative Element. Compl. ¶ 9. USAID again decided to take corrective action, and awarded "an unannounced bridge contract without competition." Compl. ¶ 10.

On January 19, 2017, the USAID Contracting Officer ("CO") informed Innovative Element that a second round of corrective action would take place "shortly." Compl. ¶ 11. On March 29, 2017, the CO again informed Innovative Element that corrective action was forthcoming. Compl. ¶ 11.

On April 17, 2017, USAID took corrective action, by requiring "offerors to submit resumes and commitment letters for key personnel categorized in the [S]olicitation." Compl. ¶ 12.

On May 2, 2017, Innovative Element submitted a revised proposal with the required information. Compl. ¶ 12.

On May 22, 2018, the CO informed Innovative Element by letter that USAID awarded a contract to Dnutch Associates, pursuant to the Amended Solicitation. Compl. ¶ 13; Ex. 3. The May 22, 2018 Letter explained that Innovative Element's proposal "was not ranked highest within the evaluation process," because of "the lower overall technical score and the higher price." Ex. 3 at 1.

On June 8, 2018, USAID conducted a debriefing with Innovative Element. Compl. ¶ 13.

## II. PROCEDURAL HISTORY.

On June 22, 2018, Innovative Element filed a Complaint in the United States Court of Federal Claims. ECF No. 1. That same day, Innovative Element filed an Amended Complaint ("Compl.") that included a number of exhibits omitted from the Complaint. ECF No. 5. On that date, Innovative Element also filed an Application For Temporary Restraining Order And Motion For Preliminary Injunction, an Amended Application For Temporary Restraining Order, And Motion For Preliminary Injunction, together with accompanying Memoranda. ECF Nos. 4, 6, 7.

On June 25, 2018, the Government filed a Status Report agreeing to a voluntary stay of performance through October 31, 2018 and proposing a briefing schedule. ECF No. 10.

3

On June 26, 2018, the court entered a Protective Order. ECF No. 13. On June 26, 2018, the Government filed a Notice informing the court that USAID had issued a "formal, written stop work order" to Dnutch Associates. ECF No. 15. In response, Dnutch Associates filed a Motion To Intervene. ECF No. 11. On June 29, 2018, the court granted that motion. ECF No. 16.

On July 6, 2018, the court entered a Scheduling Order adopting the parties' proposed briefing schedule. ECF No. 17.

On July 13, 2018, the Government filed a Notice informing the court that USAID intended "to terminate for convenience, by close of business today, the contract awarded to Dnutch Associates . . . pursuant to [the] Solicitation." ECF No. 18 at 1.

On July 16, 2018, the Government filed a Status Report And Motion To Stay Proceedings "pending the filing of the Government's motion to dismiss." ECF No. 19 at 1. That same day, the court granted the July 16, 2018 Motion. ECF No. 20.

On July 23, 2018, the Government filed a Motion To Dismiss ("Gov't Mot."), together with two attachments. ECF No. 21. Attachment A to the July 23, 2018 Motion To Dismiss is a July 17, 2018 letter from the USAID CO to Dnutch Associates, informing Dnutch Associates that USAID was terminating Award GS-35F-0156X/7200AA18M00008 "for the convenience of the Government," effective July 13, 2018. Gov't Mot., Attach. A at 1. Attachment B to the July 23, 2018 Motion To Dismiss is a declaration by the CO that states that USAID has determined to "not move forward with the WLC effort as described in" the Solicitation. Gov't Mot., Attach. B at 2. The July 23, 2018 Declaration also states that the "requirements set forth in [the Amended] Solicitation [] were identified in 2015 based on the needs of [USAID] at that time." Gov't Mot., Attach. B at 2. In addition, the July 23, 2018 Declaration states that the CO has "no information concerning whether the specific requirements set forth in [the Amended] Solicitation [] will be re-solicited." Gov't Mot., Attach. B at 2.

On August 20, 2018, Plaintiff filed a Response To Defendant's Motion To Dismiss And Motion To Amened [sic]/Supplement The Pleadings ("Pl. Resp."). ECF No. 22.

On August 21, 2018, the court denied the June 22, 2018 Amended Application For Temporary Restraining Order And Motion For Preliminary Injunction as moot. ECF No. 23.

On August 24, 2018, the Government filed an Unopposed Motion For Enlargement Of Time to file a reply brief. ECF No. 24. On August 27, 2018, the court granted that motion.

On September 10, 2018, the Government filed a second Unopposed Motion For Enlargement Of Time. ECF No. 25. That same day, the court granted the Government's motion.

On September 17, 2018, the Government filed a Reply In Support Of Its Motion To Dismiss ("Gov't Reply"), together with a declaration by the USAID Supervisory Contracting Officer ("Supervisory CO"). ECF No. 26. The September 17, 2018 Declaration states that "[a]t the time of the contract's termination, [USAID] determined that given the passage of time, the requirements . . . needed to be reassessed." Gov't Reply, Attach. 1 at 2. The September 17, 2018 Declaration also states that USAID "will be issuing a new solicitation in the coming months to procure services . . ., based on new requirements. Some elements of the previous requirements may remain, but the solicitation will also include new requirements that vary significantly from those contained in [the Amended] Solicitation." Gov't Reply, Attach. 1 at 2.

### III. DISCUSSION.

#### A. Jurisdiction.

Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). "In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Id.* (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)).[3] Therefore, "an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Id.* at 90–91 (quotations omitted). "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* at 91 (quotations omitted).[4]

#### B. Standard Of Review.

Rule 12(b)(1) of the United States Court of Federal Claims authorizes a party to file a motion asserting a "lack of subject-matter jurisdiction." RCFC 12(b)(1). "In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Stephens v. United States*, 884 F.3d 1151, 1155 (Fed. Cir. 2018) (citations omitted).

#### C. Whether Innovative Element, LLC's Bid Protest Is Moot.

##### 1. Innovative Element, LLC's Amended Complaint.

Count I of the June 22, 2018 Amended Complaint alleges that USAID conducted an "unreasonable and inconsistent" evaluation of the two proposals submitted in response to the Amended Solicitation. Compl. ¶ 28. For example, the CO assigned Dnutch Associates's proposal

---

[3] The United States Court of Federal Claims, although an Article I court, "applies the same [justiciability] requirements enforced by other federal courts created under Article III." *Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1359 (Fed. Cir. 2009); *see also Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003) (same).

[4] A court may assume that a plaintiff has standing to address the question of mootness. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 66 (1997).

5

a technical rating of "Outstanding," even though Dnutch Associates "failed to submit the necessary letters of intent" from key personnel.  Compl. ¶ 34, 36.

Count II[5] of the June 22, 2018 Amended Complaint requests a temporary restraining order pursuant to RCFC 65(b).  Compl. ¶ 38.

Count III of the June 22, 2018 Amended Complaint requests a preliminary injunction pursuant to RCFC 65(a).  Compl. ¶ 40–41.

The June 22, 2018 Amended Complaint requests that the court declare USAID's actions "arbitrary, capricious, and an abuse of discretion;" issue a temporary restraining order "preventing USAID from proceeding with [Dnutch Associates] to begin performing the contract;" issue a preliminary and permanent injunction enjoining the Government from proceeding on that same contract; and award Innovative Element "its reasonable fees, costs, interest, and expenses incurred in prosecuting this [Amended] Complaint."  Compl. at 10.

### 2.     The Government's Motion To Dismiss.

The Government argues that "USAID's decision to terminate for convenience the award to Dnutch [Associates] renders the [P]laintiff's protest of that award decision moot."  Gov't Mot. at 2.  Since the June 22, 2018 Amended Complaint challenges USAID's decision to award a contract to Dnutch Associates, when USAID decided to terminate that award, "it eliminated the entire basis for" the June 22, 2018 Amended Complaint.  Gov't Mot. at 3.  In addition, USAID does not know whether and when it will "move forward with the Washington Learning Center procurement effort," because the "requirements set forth in [the Amended Solicitation] apparently have become outdated."  Gov't Mot. at 4.

### 3.     Innovative Element, LLC's Response.

Innovative Element responds that this case is not moot, because USAID "has yet to provide formal cancellation of the solicitation."  Pl. Resp. at 4.  Therefore, "the court can still effectuate further relief by ordering USAID . . . to issue an award to the next-in-line bidder as required by the FAR."  Pl. Resp. at 4.  Moreover, "USAID still has an obvious need for the services requested . . . as evidenced by a current contractor performing a recently awarded, non-competed bridge contract."  Pl. Resp. at 4.

In the alternative, Innovative Element moves to amend the June 22, 2018 Amended Complaint to challenge USAID's decision to cancel the Amended Solicitation, because allowing Innovative Element to further amend the June 22, 2018 Amended Complaint is a more efficient means of resolving this "live controversy" than filing a "new petition."  Pl. Resp. at 6.  In addition, Innovative Element requests "reasonable bid preparation costs."  Pl. Resp. at 6.  The court should award costs, because Innovative Element has "jumped through various hoops over the course of

---

[5] The Counts in the June 22, 2018 Amended Complaint are labeled "I," "III," and "IV."  ECF No. 5 at 9.  The court refers to "Count III" and "Count IV" as Count II and Count III, respectively.

two years . . . only to receive the apparent news that after two years of effort USAID now intends to cancel the entire [Amended S]olicitation." Pl. Resp. at 7.

### 4. The Government's Reply.

The Government replies that no "formal cancellation" is required to render a solicitation inactive. Gov't Reply 2–3. In any event, USAID provided Innovative Element with notice of the cancellation "through [the CO's] declaration," attached to the July 23, 2018 Motion To Dismiss. Gov't Reply at 3. Innovative Element is not entitled to a contract award as the "next-in-line bidder." Gov't Reply at 4. And, USAID's decision to terminate the Solicitation is not arbitrary, capricious, or unlawful, because "three years have passed since the requirements were first identified." Gov't Reply at 5. The court should deny Innovative Element's request to amend the June 22, 2018 Amended Complaint, and instead require that Innovative Element file a new protest that can be "reviewed against an administrative record specific to that decision." Gov't Reply at 5. The court also should deny Innovative Element's request for bid preparation costs, because it has not shown "that USAID committed a prejudicial error in conducting the procurement . . ., or that an error caused [Innovative Element] to incur unnecessarily bid preparation and proposal costs." Gov't Reply at 6.

### D. The Court's Resolution.

As the United States Court of Appeals for the Federal Circuit recently held, a "request for declaratory relief, in and of itself, is not sufficient to confer jurisdiction on an Article III court where there is no substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Veterans Contracting Grp., Inc. v. United States*, No. 2018-1410, 2018 WL 6074428, at *2 (Fed. Cir. Nov. 20, 2018) (citations omitted). Likewise, "a free-standing claim for fees and expenses of attorneys is not a viable basis for avoiding mootness." *Id.* (citations omitted); *see also Lion Raisins, Inc. v. United States*, 69 Fed. Cl. 32, 36 (Fed. Cl. 2005) (determining that, "if a decision on the merits is required and cancellation precludes such a decision, cancellation of the solicitations to bid also prevents Plaintiff from seeking bid preparation and proposal costs").

The June 22, 2018 Amended Complaint challenges a contract award made to Dnutch Associates under the Amended Solicitation. Compl. ¶ 28. That award, however, was terminated on July 13, 2018, for the convenience of the Government, pursuant to Federal Acquisition Regulation ("FAR") 49.502(b)(1)(i).[6] Gov't Mot., Attach. A at 1. Therefore, the relief requested in the June 22, 2018 Amended Complaint is now moot. *See* RCFC 12(b)(1).[7]

---

[6] FAR 49.502 required that USAID's contract with Dnutch Associates contain one of the termination clauses set forth in FAR 52.249. *See* 48 C.F.R. §§ 52.249-1, 2, 3, 4, 5. Without an administrative record containing the now-terminated contract award, the court is unable to determine which of the mandatory termination clauses was cited.

[7] As a matter of law, the court does not have the authority to direct that USAID award Innovative Element a contract award as the "next-in-line" bidder. *See CCL Service Corp. v. United*

Rule 15(a)(2) of the United States Court of Federal Claims, however, provides that a court should "freely give leave" to amend pleadings "when justice so requires." RCFC 15(a)(2). The United States Supreme Court has held that, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The United States Court of Appeals for the Federal Circuit has held that "defects in a plaintiff's case—even jurisdictional defects—can be cured while the case is pending if the plaintiff obtains leave to file a supplemental pleading." *Black v. Sec'y of Health & Human Servs.*, 93 F.3d 781, 790 (Fed. Cir. 1996); *see also Intrepid v. Pollock*, 907 F.2d 1125, 1129 (Fed. Cir. 1990) (holding that whether a request for relief "could not have been made in the original complaint is not a ground for refusing an amended or supplemental complaint"); RCFC 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

The Government does not present any reason why the court should not grant Innovative Element's Motion To Amend and have the Government submit any additional information required to supplement the Administrative Record. *See Coastal Envtl. Grp., Inc. v. United States*, 114 Fed. Cl. 124, 135 (Fed. Cl. 2013) ("As with any other protest, defendant would then be required to produce an administrative record pertaining to [USAID's cancellation] decision."). The Government contends that requiring Innovative Element to file a new protest is the "more efficient approach." Gov't Reply at 6. To the contrary, efficiency favors an amendment to the June 22, 2018 Amended Complaint. *See Madison Servs., Inc. v. United States*, 90 Fed. Cl. 673, 683 (Fed. Cl. 2009) ("If the court were to deny plaintiff's motion to amend (or, rather, to supplement) its complaint, forcing plaintiff to file a new petition, nothing would be gained save the court's collection of a new filing fee.").

A court should not grant a plaintiff leave to amend a complaint if amendment is "futil[e]." *Foman*, 371 U.S. at 182. To challenge USAID's cancellation of the Amended Solicitation, Innovative Element must satisfy the standing requirements of the Tucker Act, 28 U.S.C. § 1491, that are "more stringent" than Article III. *See Weeks Marine*, 575 F.3d at 1359. Standing under Section 1491(b)(1) "is limited to actual or prospective bidders or offerors whose direct economic interest would be affected by the award of the contract or by the failure to award the contract." *Id.* Thus, a plaintiff that wishes to file a bid protest in the court must establish that it "(1) is an actual or prospective bidder and (2) possess[es] the requisite direct economic interest." *Id.* (modifications in original).

Innovative Element is an actual bidder, because it submitted an offer in response to the Amended Solicitation. Compl. ¶ 6. Innovative Element also has a direct economic interest in USAID's decision to cancel the Amended Solicitation, because that decision precluded Innovative Element from continuing to compete for contracts awarded thereunder. At this stage, Innovative

---

*States*, 43 Fed. Cl. 680, 688 (Fed. Cl. 1999) ("Selection of a contractor among the protestors and award of the contract are improper exercises of the court's authority.").

8

Element has made a sufficient showing of standing under the Tucker Act so that it is not futile to challenge USAID's decision to cancel the Amended Solicitation.

As for the merits, the Government characterizes Innovative Element's prospective challenge to USAID's cancellation decision as "premature and unfounded," because there is "nothing arbitrary, capricious, or unlawful" about USAID's decision. Gov't Reply at 5. That may be true, but at this juncture that argument does not establish that amendment of the June 22, 2018 Amended Complaint is futile.

For these reasons, the court has determined that justice requires granting Innovative Element's August 20, 2018 Motion To Amend the June 22, 2018 Amended Complaint. *See* RCFC 15(a)(2).

Innovative Element's request for bid preparation costs, however, is premature. Pl. Resp. at 6–7. The United States Court of Appeals for the Federal Circuit has held that a losing bidder "may recover the costs of preparing its unsuccessful proposal if it can establish that the Government's consideration of the proposals submitted was arbitrary or capricious." *E.W. Bliss Co. v. United States*, 77 F.3d 445, 447 (Fed. Cir. 1996) (citations omitted).[8] Therefore, the court does not have a sufficient record to determine whether the Government's decision to cancel the Amended Solicitation was arbitrary or capricious. Whether Innovative Element may be able to make such a showing will be determined at a later date.

### IV.   CONCLUSION.

For the reasons discussed herein, the July 23, 2018 Motion To Dismiss is denied. Innovative Element's August 20, 2018 Motion To Amend is granted, and a second amended complaint challenging USAID's decision to cancel the Amended Solicitation must be filed on or before January 2, 2019.

**IT IS SO ORDERED.**

                                                    s/ Susan G. Braden
                                                    **SUSAN G. BRADEN**
                                                    **Senior Judge**

---

[8] *See also* Daniel S. Herzfeld & Evan D. Wesser, *Turning Silver Into Gold: Recovering Protest Costs or Bid & Proposal Costs in Procurement Protests*, Briefing Papers, at 7–10 (March 2010) (collecting cases).